IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WILLIAM SEDRIC AUTREY, #323539, §
          Plaintiff, §
 §
v. § No. 3:14-CV-0698-N-BK
 §
 §
OFFICER ARY FISHER, Irving Police §
Department, §
          Defendant. §

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

On February 21, 2014, Plaintiff, a pretrial detainee at the Collin County Detention Facility, filed *pro se*, Complaint under 42 U.S.C. § 1983 against Irving Police Officer Ary Fisher, the City of Irving, and the Irving Police Department. [Doc. 3 at 4]. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, it is recommended that this case be stayed and administratively closed.

I. BACKGROUND

Plaintiff asserts Officer Fisher violated his constitutional rights in connection with pending Dallas and Collin County criminal charges of aggravated robbery, burglary of a habitation, and unlawful possession of a firearm, for which Fisher arrested him on April 17, 2010.[1] [Doc. 3 at 4; Doc. 12 at 1, 2]. Specifically, Plaintiff contends Fisher stopped his car and

---

[1] *See State v. Autrey*, No. 429-81194-10 (296th District Court, Collin County) (awaiting suppression hearing and trial); *State v. Autrey*, Nos. F10-34165, F10-34166, F10-34167, F10-71884 (204th Judicial District Court, Dallas County) (pending motion to reconsider ruling on motion to suppress and awaiting trial). In May 2013, Plaintiff was convicted of aggravated robbery and sentenced to 75 years' imprisonment. *See State v. Autrey*, No. F10-16130 (204th Judicial District Court, Dallas County, May 16, 2013), direct appeal pending No. 05-13-00709-CR.
1

searched it in violation of Plaintiff's constitutional rights.  (Doc. 12 at 2, 4).   Plaintiff requests monetary damages and injunctive and declaratory relief.  (Doc. 3 at 4).

## II. ANALYSIS

A finding by this Court that Officer Fisher illegally stopped and searched Plaintiff's car on April 17, 2010, could impact the pending Dallas and Collin County criminal cases.  *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (prisoner cannot bring a section 1983 action directly challenging an "allegedly unconstitutional conviction or imprisonment" unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal [or] a federal court").  Although dismissal of the section 1983 claim is appropriate where the plaintiff has already been convicted of the underlying charge, where the criminal charge is still pending, the proper procedure is to stay the plaintiff's claims "until the criminal case or the likelihood of a criminal case is ended."  *Wallace v. Kato*, 549 U.S. 384, 393-394 (2007); *see also Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (remanding so that district court could stay unreasonable search and seizure claims against police officers "until the pending criminal case has run its course").

Accordingly, this case should be stayed until Plaintiff's criminal prosecution in Dallas and Collin Counties is concluded.  *See Metcalf v. De Los Santos, et al.*, No. 3:12-CV-1815-G, 2012 WL 3204974 *2-3 (N.D. Tex. Jul. 18, 2012), *recommendation accepted*, 2012 WL 3222239 (Aug. 8, 2012) (staying and administratively closing case, which alleged false arrest and malicious prosecution allegations, until state criminal charges against plaintiff are finally resolved); *see also Aliff v. Wiley*, 3:12-CV-4406-L-BK (N.D. Tex. January 14, 2013) (same).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this case be stayed and administratively closed until the state criminal charges against Plaintiff in Collin and Dallas Counties (Case No. 429-81194-10 (296th District Court, Collin County), and Case Nos. F10-34165, F10-34166, F10-34167, F10-71884 (204th Judicial District Court, Dallas County)) are finally resolved.

SIGNED March 11, 2014.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* [28 U.S.C. § 636(b)(1)](); [Fed. R. Civ. P. 72(b)](). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* [*Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)]().

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE