IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM SEDRIC AUTREY, §<br>    #14050945, §<br>            Plaintiff, §<br>  §<br>v. §<br>  §<br>  §<br>OFFICER ARY FISHER and §<br>DENNY RIPLEY, §<br>            Defendants. § | | Civil No. 3:14-CV-0698-N-BK |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge. Plaintiff, a pretrial detainee, filed a *pro se* complaint under 42 U.S.C. § 1983, and the Court granted his motion to proceed *in forma pauperis*. For the reasons that follow, this case should be summarily dismissed.

### I. BACKGROUND

On February 21, 2014, Plaintiff filed a complaint against Irving Police Officer Ary Fisher, the City of Irving, and the Irving Police Department. Doc. 3 at 1, 3. He asserted that Officer Fisher had violated his constitutional rights in connection with pending Dallas and Collin County criminal charges, for which Fisher had arrested Plaintiff on April 17, 2010. Doc. 3 at 4. Specifically, Plaintiff maintained that Fisher had stopped his car and searched it in violation of his constitutional rights. Doc. 3 at 4. Plaintiff requested monetary damages and sought declaratory and injunctive relief in the form of a "court order for *Brady* evidence." Doc. 3 at 4.

The Court initially stayed this case pending resolution of the state criminal charges against Plaintiff. Doc. 15. In August 2015, Plaintiff moved to reopen within the requisite period, and the Court lifted the stay based on the dismissal of his Dallas County criminal

charges.  Doc. 18.  By its order, the Court also granted Plaintiff permission to file an amended complaint accompanied by a motion for leave to amend.  Doc. 18.  On August 28, 2015, and on October 14, 2015, Plaintiff filed an amended complaint and a motion to amend respectively.  Doc. 19; Doc. 23.

## II. ANALYSIS

### A. Screening of Original Complaint

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice").  Even under this most liberal construction, however, the complaint fails to state a claim upon which relief can be granted.

Plaintiff's claims are time barred.  He maintains the events stemming from the illegal stop and search of his car occurred on April 17, 2010.  Doc. 3 at 4; Doc. 12 at 2.  So the deadline for filing suit was April 17, 2012.  However, February 18, 2014, is the earliest possible date on

which Plaintiff's original complaint can be deemed filed.[1]  Thus, as of February 18, 2014, more than two years have elapsed since the events giving rise to Plaintiff's claims occurred.  *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (state forum's personal injury statute of limitations applies in a section 1983 case); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (section 1983 actions in Texas are governed by the two-year personal injury limitations period; court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2015).

Plaintiff cannot demonstrate that he is entitled to equitable tolling of the limitations period as the result of a "legal disability."  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(a) (West 2015) ("a person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind.").  His imprisonment does not provide a basis to toll the statute of limitations under Texas law.  *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).  Accordingly, Plaintiff's original complaint fails to state a claim to relief that is plausible on its face.  *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (when the allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

    B.   Screening of Amended Complaint and Motion to Amend

In his August 28, 2015 amended complaint, Plaintiff attempts to raise new claims against Officer Fisher and, for the first time, to name Sgt. Danny Ripley as a defendant.  Doc. 19.  In the October 14, 2015 motion to amend, Plaintiff seeks to add as Defendants the City of Irving and

---

[1] A *pro se* prisoner's section 1983 complaint is deemed filed as soon as the prisoner deposits it into the prison mail system.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).  Plaintiff signed the original complaint and motion to proceed *in forma pauperis*, and most probably submitted them to prison officials for mailing, on February 18, 2014.  Doc. 3 at 5; Doc. 4 at 2.

the Irving Police Department (whom he initially named in the original complaint, but not in the supplement to the complaint), and Officer Fish and Sgt. Ripley in both their individual and official capacities. Doc. 23 at 1. Plaintiff also attempts to sue Lt. Mark Parson and Officer Mathew Snell, also in their individual and official capacities. Doc. 23 at 1.

Neither the proposed amended complaint nor the motion to amend comply with the Court's prior order granting permission to file an amended complaint accompanied by a motion for leave to amend. Doc. 18. Thus, both pleadings should be stricken. However, even if Plaintiff had properly sought leave to amend, his request should be denied. Although leave to amend is to be freely given when justice so requires, denial of a motion for leave to amend is appropriate when the proposed amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (specifying futility of amendment as an adequate justification to refuse to grant leave to amend).

The proposed amended complaint seeks to raise new claims against Officer Fisher – namely that he testified falsely and committed perjury at suppression hearings and subsequent criminal trials. Doc. 19 at 3, 4. However, Fisher is absolutely immune from claims arising from testimony given at any trial or adversarial proceeding. *See Moffett v. Bryant*, 751 F.3d 323, 326 (5th Cir. 2014) (citing *Rehberg v. Paulk*, –– U.S. ––, 132 S.Ct. 1497, 1505 (2012)); *see also Propes v. Wolf*, 178 F. App'x 388, 389 (5th Cir. 2006) (per curiam) (citing *Enlow v. Tishomingo County, Miss.*, 962 F.2d 501, 511 (5th Cir. 1992)) (police officers are absolutely immune from liability for their allegedly perjured testimony).

Moreover, there is no private cause of action for perjury under federal or state statutes. Criminal statutes do not create a private right of action. *See Cort v. Ash*, 422 U.S. 66, 79 (1975), overruled in part by *Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *Suter v. Artist M.*,

503 U.S. 347, 363 (1992) (the party seeking to imply a private right of action bears the burden to show that Congress intended to create one); *see also* Williams v. Cintas Corp., No. 3:07-CV-0561-M, 2007 WL 1295802, 2 (N.D. Tex. Apr. 10, 2007) (collecting cases finding no private cause of action for perjury under federal or state criminal statutes), recommendation accepted, 2007 WL 1300780 (N. D. Tex. May 02, 2007).

The amended complaint also attempts to add as a defendant, Sergeant Danny Ripley, a patrol supervisor with the Irving Police Department, and claims that he failed to stop the illegal search and seizure, and failed to train and supervise Fisher and correct his false testimony. Doc. 19 at 3, 4. However, any claim stemming from the April 2010 illegal search and seizure is time barred, as previously discussed. In addition, the general assertions that Ripley failed to train and correct the allegedly false testimony offer nothing more than "labels and conclusions." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Thus, Plaintiff fails to allege sufficient facts to state a plausible claim upon which relief can be granted. *Id.* at 570.

The motion for leave to amend does not identify the new claims that Plaintiff purports to bring against the City of Irving, the Irving Police Department, Lieutenant Parson, and Officer Snell. Doc. 23 at 1. In any event, as stated previously, any claims stemming from the April 2010 illegal search and seizure are time barred. Moreover, neither the City of Irving nor Lieutenant Parson could be held liable under section 1983 for supervisory liability, even if Plaintiff had pled a timely constitutional violation. *See* Monell v. Dept. of Soc. Servs. of New York, 436 U.S. 658, 694 (1978) ("a local government may not be sued under [section 1983] for an injury inflicted solely by its employees or agents."); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (supervisory government employees are only liable for their own misconduct, and the doctrine of *respondeat superior* does not provide a basis for liability in a section 1983 action).

Additionally, Plaintiff may not sue a servient political agency or department, such as the Irving Police Department, unless such agency or department enjoys a separate and distinct legal existence.  See Darby v. Pasadena Police Dep't, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.").

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the original complaint be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted, s*ee* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that the motion for leave to amend, Doc. 19, be **DENIED** because permitting the requested amendment would be futile, and that the proposed amended complaint (already docketed), Doc. 23, be **STRICKEN**.

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[2]

SIGNED October 19, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                    RENEE HARRIS TOLIVER
                                                    UNITED STATES MAGISTRATE JUDGE